Mason *v.* Lawing.

## A. J. MASON *v.* JNO. J. LAWING *et al.*

SALE OF LAND. *Rescision. Improvements. Rents.* Upon rescision of sale of land for want of perfect title, the purchaser will be entitled to purchase money and interest, and for the enhancement of the value at the time of the rescision of the sale of the land, by reason of permanent improvements put thereon, and will be charged with the value of rents while he had the same in his possession or under his control.

### FROM RUTHERFORD.

Appeal from the Chancery Court at Murfreesboro. A. S. MARKS, Ch.

PALMER & RICHARDSON for complainant.

AVENT & CHILDRESS for defendants.

DEADERICK, C. J., delivered the opinion of the court.

The bill in this case was filed by complainant to be relieved of the purchase of a tract of land in Rutherford county, sold for distribution amongst the heirs at law of James Crichlen, deceased.

The complainant had paid part of the purchase money and a judgment was taken against him upon the last purchase note. He sought to have the purchase money and its interest returned, and a perpetual injunction against the judgment against him, and a rescission of the sale.

The ground upon which this relief is asked, is that intestate did not have the title to said land, but at

the time of the sale to him, the title was in the heirs of one McClintoc Brown, to whom it had been conveyed by G. A. Brown, before it was conveyed by him to James Crichlen.    While this suit was pending in the chancery court, said G. A. Brown filed a bill in the chancery court of Maury county, and obtained a decree divesting the title out of the heirs of said Mc-Clintoc Brown and vesting the same in himself.    Thereupon he executed a deed to Mason, the purchaser, which he refused to accept.    He insists he is not bound to accept a deed from a third party, and it was a fraud to allow the sale to him by the heirs of Crichlen under proceedings in chancery when they had no title, and that the record of the case of Brown shows that the title of all the McClintoc Brown heirs was not vested in said G. A. Brown.    The chancellor, however, decreed that there was no fraud in the sale to Mason; that the title offered was good and perfect, and he was bound to accept it.    From this decree Mason has appealed to this court.    And it is insisted that Crichlen's heirs had no title when the land was sold, and that the title then subsisting in the heirs of McClintoc Brown has not been divested properly out of them.

It is admitted in the answer that the title was in Brown's heirs at the time of the sale, but that defendants were not then aware of it, and it was subsequently divested out of them and a valid deed was offered complainant by G. A. Brown, in whom the legal title was vested.

The objection to the validity of G. A. Brown's

title is vested upon the ground that the bill filed by him shows that a daughter of McClintoc Brown intermarried with one Gifford, and died leaving heirs, all of whom are named except one, whose name is unknown, two of whom reside in Arkansas. And that he also left a daughter, Mary A., who intermarried with Thomas Ashton, who is also dead, leaving A. L. Ashton, M. E. Ashton, who married Polk Crews, and Marion Ashton, the first two residing in Maury county, and Marion residing in Texas, and that the title of these heirs of the two deceased daughters was not divested, nor any decree made by the court in relation to them; that no judgment *pro confesso* was taken against the adults or guardian *ad litem* appointed, nor any process served on any of them for the minors.

Brown's bill, after naming the heirs at law of McClintoc Brown, prays that they be made defendants by proper process, and that a guardian *ad litem* be appointed for the minors, and that the title to the land described, be divested out of said heirs and vested in complainant.

An order appears, appointing a guardian *ad litem* for the minor heirs of McNeal Brown, reciting they had been regularly served with process by publication. The guardian filed his answer to the bill for all the minor heirs of McClintoc Brown, deceased.

It also appears, that a judgment *pro confesso* was formally entered against Washington C, Elizabeth R, and Franklin C. Brown, three of the heirs at law of McClintoc Brown.

The cause was heard, as the decree recites, upon

bill, answer of the minor defendants, by their guardian *ad litem*, *pro confesso* order, and proof in the cause. The chancellor divested the title to the land out of all the defendants and vested it in complainant, G. A. Brown, his heirs and assigns.

It does not appear that any of the parties made defendants were, in fact, minors, except the children of McNeal Brown, who answered by their guardian *ad litem*.

The record does not show that the heirs of Mrs. Gifford and Mrs. Ashton have been served with process, or made parties by publication. Nor does the decree recite that such action has been taken or that any judgment *pro confesso* was entered against them.

The title, therefore, of two of the seven heirs at law of McClintoc Brown has not been vested in said G. A. Brown, but is still outstanding.

The title tendered, therefore, is imperfect, and such as complainant, Mason, cannot be compelled to accept. It may be some of the Gifford or Ashton heirs are minors, although it is not so alleged in the bill. They seem, indeed, to have been ignored, after the filing of the bill, and no further mention of them occurs in the record of that case.

The chancellor's decree will be reversed and the sale of the land rescinded and set aside, and the cause will be remanded to take an account of the purchase money paid, for which complainant will have a decree with interest, and for the enhancement of the value at the time of the rescission of the sale of the land, by reason of permanent improvements put thereon by complain-

ant.    And complainant will be charged with the value ·of the rents while he has had the same in his. possession, or under his control.

The costs of this court will be paid by the defendants, and the costs below as may be hereafter ·adjudged by the chancellor.